Thomas A. Larkin, ASB #0009055
STEWART SOKOL & GRAY, LLC
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
Telephone: 503-221-0699
Facsimile: 503-223-5706
Email: tlarkin@lawssg.com

Of Attorneys for First National Insurance
Company of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA, a New Hampshire corporation,<br><br>                   Plaintiff,<br>v.<br><br>CHRIS REILLY, JILL REILLY, and UNIVERSAL ROOFING OF ALASKA, INC., an Alaska corporation,<br><br>                   Defendants. | No.<br><br>**COMPLAINT** |

Plaintiff First National Insurance Company of America ("FNICA") alleges as follows:

1.

FNICA is a New Hampshire corporation with its principal place of business in the State of Massachusetts. FNICA is authorized to post surety bonds in the State of Alaska.

2.

Defendants Chris Reilly and Jill Reilly (collectively "Reilly") are citizens of the State of Alaska and reside in the State of Alaska.

3.

Defendant Universal Roofing of Alaska, Inc. ("Universal Roofing") is an Alaska corporation with its principal place of business in the State of Alaska.

COMPLAINT – 1

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

Case 3:13-cv-00092-TMB   Document 1   Filed 05/29/13   Page 1 of 6

4.

Universal Roofing and Reilly are collectively referred to hereinafter as "Indemnitors."

5.

Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between plaintiff and defendants, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

**FACTS COMMON TO ALL CLAIMS**

6.

FNICA realleges the allegations in Paragraphs 1 - 5 above.

7.

At the special instance and request of Indemnitors, Universal Roofing, as principal, and FNICA, as surety, posted a payment and performance bond (Bond No. 023017334)("Bartlett Bond") unto the City and Borough of Juneau, Alaska, as obligee, in connection with the construction of a project commonly known as the Bartlett Regional Hospital Roof Replacement located in Juneau, Alaska ("Bartlett Project").

8.

At the special instance and request of Indemnitors, Universal Roofing, as principal, and FNICA, as surety, posted a payment and performance bond (Bond No. 023017324)("Kenai Bond") unto the Kenai Peninsula Borough, as obligee, in connection with the construction of a project commonly known as the Kenai Central High School Re-Roof located in Anchorage, Alaska ("Kenai Project").

9.

At the special instance and request of Indemnitors, Universal Roofing, as principal, and FNICA, as surety, posted a payment and performance bond (Bond No. 6746005)("Southcentral Bond") unto Blaine Construction Corporation, as obligee, in connection with the construction of a project commonly known as the Southcentral Power - EPDM Roofing System located in Anchorage, Alaska ("Southcentral Project").

COMPLAINT – 2

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

Case 3:13-cv-00092-TMB   Document 1   Filed 05/29/13   Page 2 of 6

10.

In partial consideration of posting the Bartlett Bond, Kenai Bond, and Southcentral Bond (collectively "Bonds"), Indemnitors, and each of them, executed a General Agreement of Indemnity for Contractors ("Indemnity Agreement") under which Indemnitors, and each of them, promised to indemnify and hold FNICA harmless from all loss, costs, and expenses of whatsoever kind and nature, including court costs, reasonable attorney fees, consultant fees, investigative costs and any other loss, costs or expenses incurred by FNICA by reason of having executed any Bond. Under the Indemnity Agreement, Indemnitors, and each of them, further agreed to post collateral security with FNICA in an amount sufficient to discharge any claim or claims made against FNICA on account of posting the Bonds, and to be used to pay any claim or claims, or to be held by FNICA as collateral security against any loss.

11.

On December 3, 2012, Universal Roofing executed an Acknowledgment of Default ("Acknowledgment") providing that Universal Roofing was financially unable to perform its obligations under the Bonds and Projects. In the Acknowledgment, Universal Roofing acknowledged that it was in default under the Bonds and Indemnity Agreement.

12.

Claims have been presented against FNICA and the Bonds. As of the date of this Complaint, payment bond claims have been presented and paid in the amount of $148,022.60 concerning the Bartlett Bond. As of the date of this Complaint, payment bond claims have been presented and paid in the amount of $21,481.68 concerning the Southcentral Bond. As of the date of this Complaint, payment bond claims have been presented and paid in the amount of $4,369.27 concerning the Kenai Bond. As of the date of this Complaint, FNICA has incurred reasonable attorney fees and costs arising from claims against the Bonds in the amount of not less than $51,108.56.

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW

2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

13.

In addition to the above, FNICA received other payment bond claims against the Bonds and anticipates additional losses in an amount of not less than $263,200.35. FNICA was also required to complete the Bartlett Project, Kenai Project, and Southcentral Project and anticipates additional losses in an amount to be proven at trial.

14.

FNICA made demand on Indemnitors under the terms of the Indemnity Agreement. Despite this demand, Indemnitors have failed, refused, and neglected to indemnify FNICA or to post collateral security as required under the Indemnity Agreement.

15.

Under the terms of the Indemnity Agreement, FNICA is entitled to recover, in addition to all damages, its costs and reasonable attorney fees.

## FIRST CLAIM FOR RELIEF

### (Specific Enforcement of Indemnity Agreement)

16.

FNICA realleges the allegations in Paragraphs 1 - 15 above.

17.

FNICA has performed all conditions and obligations on its part to be performed or such conditions and obligations have been waived by Indemnitors. FNICA has no plain, speedy, or adequate remedy at law.

18.

Pursuant to the terms of the Indemnity Agreement, Indemnitors, and each of them, should be mandatorily enjoined, specifically to perform all terms and conditions of the Indemnity Agreement, including, but not limited to, the posting of collateral security in amounts sufficient to indemnify and hold harmless FNICA against any loss, costs and expenses.

COMPLAINT – 4

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW

2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

Case 3:13-cv-00092-TMB   Document 1   Filed 05/29/13   Page 4 of 6

## SECOND CLAIM FOR RELIEF

### (Breach of Contract)

19.

FNICA realleges the allegations in Paragraphs 1 - 15 above.

20.

FNICA has performed all conditions and obligations on its part to be performed or such conditions and obligations have been waived by Indemnitors.

21.

Indemnitors, and each of them, breached the Indemnity Agreement by failing, refusing, and neglecting to indemnify FNICA or to post collateral security as required under the Indemnity Agreement.

22.

As result of such breaches, FNICA has been damaged in an amount not less than $437,073.90, together with interest, attorney fees and costs.

23.

Under the terms of the Indemnity Agreement, FNICA is entitled to recover its costs and reasonable attorney fees.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. On its First Claim for Relief, a decree mandatorily enjoining Defendants, and each of them, specifically to perform all the terms, conditions and obligations under the Indemnity Agreement, including an injunction enjoining Defendants, and each of them, from conveying, transferring, assigning, mortgaging, hypothecating, or disposing of any assets in derogation of FNICA's rights under the Indemnity Agreement;

2. On its Second Claim for Relief, for judgment against Defendants, and each of them, for all of FNICA's loss, costs, and expenses, including reasonable attorney fees arising as a result of Defendants' breaches under the Indemnity

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW

2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

Agreement, together with supplemental judgments at such time and under such circumstances as pending and future claims are adjusted and satisfied by FNICA;

3. For judgment against Defendants, and each of them, for FNICA's reasonable attorney fees, costs, and disbursements incurred; and

4. For such other and further relief as is just and proper.

DATED this 29th day of May, 2013.

                STEWART SOKOL & GRAY LLC

                By: /s/ Thomas A. Larkin
                     Thomas A. Larkin, ASB #0009055
                     2300 SW First Avenue, Suite 200
                     Portland, OR 97201-5047
                     Telephone: 503-221-0699
                     Facsimile: 503-223-5706
                     Email: tlarkin@lawssg.com
                     Of Attorneys for First National Insurance
                     Company of America

COMPLAINT – 6

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW

2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

Case 3:13-cv-00092-TMB   Document 1   Filed 05/29/13   Page 6 of 6